UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
AUG 2 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 03-506-GWU

MAYNARD SHIPMAN
O.B.O. MARY SHIPMAN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

**INTRODUCTION**

Counsel for the plaintiff in this case has filed a motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access for Justice Act (EAJA), seeking up to $153.99 an hour for 23.6 hours of work on the successful appeal. The defendant solely objects to the hourly rate claimed.

**APPLICABLE LAW**

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. Section 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. Section 2412(d)(2). Reasonable fees are those, according to the Supreme Court, "in line

1

with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). The definition of community in this context is rather flexible. According to one district court, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). The Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988). The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

2

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. Section 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 487 U.S. at 552 (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

The parties dispute the methodology for establishing the "prevailing market rates." In support of her request for an increase in fees from $100.00 an hour to $153.99 per hour, counsel for the plaintiff cites her experience in the Social Security Disability field, asserts that her regular hourly rate is $125.00 plus cost of living adjustments, and submits evidence that she has received higher EAJA fees in other jurisdictions for similar cases. The other jurisdictions include the Eastern District of Tennessee, the Western District of Virginia, the Middle District of Florida, and the Lexington Division of the Eastern District of Kentucky. Also submitted is material related to the Cost of Living adjustments of the agency and the Consumer Price Index applicable to non-metropolitan areas in the South. Counsel, however, admits she has never received more than $100.00 for similar work in the London Division,

3

nor is she aware of other attorneys who have. <u>Response to Commissioner's Opposition to Plaintiff Application for Fees</u>, Docket Entry No. 27 at pp. 6-7.

Conspicuously absent from the plaintiff's submissions is evidence that the "prevailing market rate" in the London Division of this district, considered by the undersigned to be the appropriate community, was higher than $100.00 per hour for similar work for the years <u>prior to 2005</u>. Although counsel herself alleged that her normal rate equates to the amount requested here, satisfactory evidence of prevailing market rates was more than just an affidavit of the attorney performing the work, and must speak to the rates actually <u>billed</u> and <u>paid</u> in similar lawsuits. <u>Norman v. Housing Authority of the City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988), citing <u>Blum</u>, 465 U.S. at 895-6 n. 11. An affidavit submitted by another attorney is dated January 6, 2005 and addresses only "current" compensation issues and it appears fees for no services performed in 2005 are being sought.

As counsel for the plaintiff has failed to carry her burden of showing prevailing market rates higher than $100.00 per hour in this Division prior to 2005, it is unnecessary to reach the other statutory issues of changes in the cost of living or "special factors" that would justify an increase in the hourly rate.

For these reasons as well as those cited in the defendant's brief, the Court finds that the proper EAJA rate for this division is $100.00 per hour for the years

4

prior to 2005. Therefore, the plaintiff's motion for attorney's fees under Section 2412 will be granted to the extent that counsel for the plaintiff will be awarded $2,360.00.

This the 24 day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE